PER CURIAM.
Defendant Sammy Glynn Lawson was charged by bill of information with two counts of attempted first degree murder. La.R.S. 14:27 (La.R.S. 14:30). On March 25, 1977, at the conclusion of a four-day jury trial, he was found guilty as charged of both counts. Thereafter, the trial court sentenced defendant to serve fifteen years at hard labor on each count, with the sentences to run concurrently.
On appeal, defendant has urged twenty-seven assignments of error, only one of which was argued before this Court. Having reviewed the entire record of the case, we find that the only substantial issue is presented by that assignment argued, relating to the exclusion of a defense witness, Rebecca Ates (Assignment of Error No. 25).
In order to protect the interests of Ms. Ates, a juvenile who was an alleged co-participant in the crimes with which defendant was charged, the trial court appointed an attorney to represent her. When defendant called Ms. Ates as a witness, her attorney asserted the privilege against self-incrimination on her behalf and the trial court sustained the privilege, prohibiting any examination of the witness. Defendant contends that since the privilege against self-incrimination was personal to Ms. Ates, the *965 trial judge erred in allowing her attorney to claim it for her. See, 8 Wigmore, Evidence, §§ 2196, 2270 (McNaughton rev. 1961); State v. Brown, 221 La. 394, 59 So.2d 431 (1952).
Before considering the merit of this assignment, we have concluded that the case should be remanded to the district court for a hearing and determination of whether Rebecca Ates, at the time of trial, would have claimed for herself the privilege against self-incrimination. A transcript of the evidentiary hearing on this point is to be made a part of the record on appeal.
REMANDED.
SUMMERS, J., dissents for the reasons assigned.
SANDERS, C. J., dissents for the reasons assigned by SUMMERS, J.