LEAR, Judge.
This matter arises as a result of a conviction in the Juvenile Court for the Parish of Ascension. The defendant was approximately sixteen years, eight months old and at the time of the alleged act of delinquency was a student at Donaldsonville High School. He was over six feet tall and weighed approximately one hundred sixty-five pounds.
The record indicates that the defendant, Ray Jacob’s home room teacher, Mr. Lloyd Landry, had reported the student for failing to report to class, which resulted in a two day suspension. When Jacob returned to school, he and Mr. Landry met in the rest room during lunch hour and a confrontation resulted. The principal was summoned and Jacob was directed to go to the principal’s office. He chose instead to leave the campus. A short while later, Jacob returned to school carrying a two by four board measuring approximately two feet long. He swung this weapon twice at Mr. Landry who retreated to the parking lot where he retrieved a loaded .45 automatic pistol from his vehicle. Landry then confronted Jacob with the pistol and this confrontation later resulted in Mr. Landry’s dismissal by the Ascension Parish School Board. Defendant Jacob was then tried for the offenses of aggravated battery and aggravated assault. The Court found Jacob not guilty of aggravated battery, but found him guilty of the delinquent act of aggravated assault and after reviewing Jacob’s prior record, committed him to the custody of the Department of Corrections for six months.
Counsel for the juvenile defendant filed two assignments of error.
The State’s witness, Mr. Lloyd Landry, had his own attorney present at the hear *164 ing. Mr. Landry had certain criminal charges pending against him, growing out of this incident, and his attorney objected to questions concerning the action taken by Landry involving the pistol that he allegedly retrieved from his vehicle. The attorney, Mr. Ben Vega, objected on the basis of Landry’s Fifth Amendment right to remain silent and not incriminate himself. The Court pointed out that the testimony of any later occurrence would probably not be relevant, but sustained the objection on the right of the witness against self-incrimination. We are of the opinion that the trial judge was correct in his ruling, inasmuch as Mr. Landry could not be ordered to' give testimony which might tend to incriminate him, unless the State granted him immunity, which the State did not do.
Counsel for defendant further argues in brief, although the record does not reflect that this objection was made during trial, that “Mr. Vega was allowed to assert the Fifth (5th) Amendment rights of the witness, Mr. Lloyd Landry”.
The record reflects that Mr. Vega stated that “I would advise my client at this point to invoke the Fifth Amendment to the Constitution”. Much discussion followed among the court, Mr. Vega and defense counsel, Mr. Robert. Later, during cross-examination by defense counsel, the witness was asked, “Did you have a gun?” Mr. Vega interrupted and asked the court to make a formal ruling to which the court responded, “You don’t have to answer that.”
Defendant cites State of Louisiana v. Lawson, 359 So.2d 964 (La.1978). In Lawson,, an appointed attorney asserted the privilege against self-incrimination on behalf of his client and the trial court sustained the privilege. The case was remanded to the district court for a hearing to determine whether or not the witness would have claimed, for herself, the privilege against self-incrimination.
In the instant case, the attorney did not assert the privilege, but stated that he would, at that point in the trial, advise his client to invoke the privilege.
The subsequent ruling by the trial judge shows that the judge was of the opinion that the witness, by his silence, acquiesced in the advice of his counsel and, in effect, asserted his privilege against self-incrimination.
This is shown conclusively by the fact that the trial judge later instructed the witness that he did not have to answer a question put to him by defense counsel. Further bolstering the judge’s position is the fact that the witness chose not to answer the question after receiving the judge’s instruction.
We see no merit to this assignment of error.
The second assignment of error states that the trial judge committed reversible error in trying defendant simultaneously on the charges of aggravated battery and aggravated assault.
This overlooks the fact that defendant is not being tried for criminal offenses, but for certain acts of delinquency which also violate criminal statutes. Therefore, we find no merit to this assignment of error.
For the reasons cited above, we are of the opinion that the judgment of the trial judge is correct and should not be disturbed.
AFFIRMED.